# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 23, 2001 SESSION

## STATE OF TENNESSEE v. BEN WARREN MILLER

**Appeal from the Criminal Court for Sullivan County**
**No. C43,538     Phyllis H. Miller, Judge**

---

### No. E2000-03038-CCA-R3-CD
### August 2, 2001

---

Pursuant to Tennessee Code Annotated sections 55-10-601 to 55-10-617, the State of Tennessee filed a "petition and notice" to have the Appellant/Respondent, Ben Warren Miller, declared an Habitual Motor Vehicle Offender. The Appellant filed, in one pleading, an "Answer and Motion to Dismiss." In the answer, the Appellant admitted all material allegations which would support a judgment declaring him to be an habitual motor vehicle offender. In his motion to dismiss, the Appellant argued that no summons was issued with the petition, and the trial court violated the Tennessee Rules of Civil Procedure in signing an order which required, in part, that Appellant "may be held in violation of this order" if he did not appear and defend the petition to be declared an habitual motor vehicle offender. The trial court denied the motion to dismiss and rendered a judgment declaring Appellant to be an habitual motor vehicle offender. On appeal, the Appellant does not challenge the substantive grounds for having him declared an habitual motor vehicle offender. However, in three issues, he argues that the judgment should be reversed and the petition dismissed because: (1) The trial court's order entered subsequent to the filing of the petition required Appellant to appear and defend or "he may be held in violation of this order," (2) the trial court's order giving notice of the hearing on the petition was not signed by an assistant district attorney, (3) the trial court did not have the authority to issue an order directing the Appellant to appear at a hearing on the petition and did not have the authority to state in the order that he might be held in violation of the order if he did not appear and defend the petition. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Thomas McKinney, Jr. and Clyde L. Tootle, Kingsport, Tennessee, for the appellant, Ben Warren Miller.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert Montgomery, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Tennessee Code Annotated section 55-10-608 provides as follows:

**55-10-608. Order of court on petition.** – (a) Upon the filing of the petition, the court shall make an order directing the individual (defendant) named therein to appear before the court to show cause why the defendant should not be barred from operating a motor vehicle on the highways of this state.

(b) The order of the court shall specify a time certain, not earlier than thirty (30) days after the date of service of the petition and order, at which the defendant shall first appear before the court.

Pursuant to this statute, after the filing of the petition in this cause by the State, the trial court entered an order as follows:

**TO THE ABOVE NAMED RESPONDENT [WARREN MILLER]:**

You are hereby ordered to appear in the Criminal Court for Sullivan County, at the Justice Center, Blountville, Tennessee, on March 10, 2000, at 1:30 p.m., [to] show cause why you should not be barred from operating a motor vehicle upon the highways of the State of Tennessee according to the Petition being served upon you.

If you fail to appear as ordered herein, you may be held in violation of this Order and judgment by default may be rendered against you for the relief demanded in the Petition.

ENTER:

                                _/s/ Phyllis H. Miller_
                                          Judge

In his first issue, the Appellant argues that it was improper for the trial court to include in this order the language that by failing to appear and defend the petition that he might "be held in violation of this order." He argues that this language was "clearly erroneous and unlawful" and that as a result, the judgment should be reversed and the petition dismissed. In his brief, Appellant makes the rather novel argument that when a respondent to a petition to be declared an habitual motor vehicle offender does not contest the grounds to grant the petition and receives notice of the petition, "he should be allowed to go his way and let judgment be entered against him." He argues that he "would have been much better off financially" to have gone to work and not appeared in court to contest the petition rather than be required to appear and, in effect, admit to the material grounds in the petition.

-2-

Even if the trial court erred by adding the language in the order to which Appellant objects on appeal, the error was clearly harmless. Appellant argues that he should have been allowed to not feel compelled to appear in court, and allow a default judgment to be entered against him declaring him to be an habitual motor vehicle offender. He has never contested the material allegations substantiating him to be an habitual motor vehicle offender. Judgment was entered against him declaring him to be an habitual motor vehicle offender. This issue is clearly without merit.

In his second issue, the Appellant argues that since the order signed by the court pursuant to Tennessee Code Annotated section 55-10-608 was not signed by an attorney for the State of Tennessee, that the order issued pursuant to 55-10-608 should be dismissed and the judgment declaring him to be an habitual motor vehicle offender should be reversed. In support thereof, he relies upon Rule 11.01, Tennessee Rules of Civil Procedure, which requires in pertinent part "every pleading, written motion, and other paper shall be signed by at least one attorney of record and the attorney's individual name, or, if the party is not represented by an attorney shall be signed by the party." (emphasis added). Rule 11, Tennessee Rules of Civil Procedure, clearly applies only to pleadings, motions, or other papers filed by a party or the party's attorney. It does not apply to orders signed by the trial court, and this issue is without merit.

In his final issue, the Appellant urges that the trial court's order entered pursuant to Tennessee Code Annotated section 55-10-608, setting the petition for hearing, should have been dismissed because the State of Tennessee did not request that the trial court state in the order that Appellant "may be held in violation of the Order" if he failed to appear in court and defend the petition. Appellant claims that the lack of this request by the State in its petition violated Rule 8.01, Tennessee Rules of Civil Procedure in that the State did not request in its demand for judgment that the trial court grant the objectionable relief in the order.

Again, even if error, it was clearly harmless error. The Appellant does not, in any shape, form, or fashion, contest the validity of the material allegations of the petition. He, instead, objects to a portion of the trial court's order, which he asserts required him to take positive action (come to court or be in violation of the court's order). However, the Appellant could have simply allowed default judgment to be taken against him (as permitted by the court's order) declaring him to be an habitual motor vehicle offender. This issue is without merit.

For the reasons set forth in this opinion, the judgment of the trial court declaring Appellant, Ben Warren Miller, to be an habitual motor vehicle offender, is hereby affirmed. Costs of the appeal are taxed against the Appellant, Ben Warren Miller.

_____
THOMAS T. WOODALL, JUDGE

-3-